IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBIE KENNETH TOWNSEND, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3568 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| Successor By Merger to BAC Home | § | |
| Loans Servicing, LP, f/k/a | § | |
| Countrywide Home Loans Servicing, | § | |
| LP; FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION; and | § | |
| ANY AND ALL KNOWN OR | § | |
| UNKNOWN DOE ENTITIES 1-10, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Bobie Kenneth Townsend brought this foreclosure case against

Defendants Bank of America, N.A., successor by merger to BAC Home Loans

Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("Bank of America");

the Federal National Mortgage Association ("Fannie Mae"); and "any and all known

or unknown Doe entities 1-10." Plaintiff has filed a Motion for Reconsideration [Doc.

# 26] regarding the Court's rulings on February 21, 2013, *see* Docs. # 24, # 25, and

Defendants have filed a response [Doc. # 29].[1] Plaintiff also has filed a Plea to the

Jurisdiction [Doc. # 31], to which Defendants have responded [Doc. # 33].

---

[1]     Kelly Jimenez, a non-party to this suit who was substitute trustee for the foreclosure
sale, also filed a response [Doc. # 30].

The parties also have filed cross-motions for summary judgment.  Defendants filed a Motion for Summary Judgment [Doc. # 27], to which Plaintiff responded [Doc. # 32].[2]  Plaintiff also filed a Motion for Summary Judgment [Doc. # 36], to which Defendants responded [Doc. # 37] and Plaintiff replied [Doc. # 38].

The motions are ripe for review. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court **denies** Plaintiff's Motion for Reconsideration, **denies** Plaintiff's Plea to the Jurisdiction, **grants** Defendants' Motion for Summary Judgment, and **denies** Plaintiff's Motion for Summary Judgment.

## I.    **BACKGROUND**

On June 29, 2004,  in connection with Plaintiff's purchase of property located at 1504 Memorial Lane in Conroe, Texas (the "Property"), Plaintiff executed a promissory note ("Note") in the amount of $99,900 in favor of Countrywide Home Loans, Inc.   *See* Note (Exhibit A to Declaration of Jesse Declaration ("Ford

---

[2]    Plaintiff also filed a document titled "Notice of Support of Quiet Title to Plaintiff" [Doc. # 28], which this Court will consider in its summary judgment analysis.  On October 18, 2013, Plaintiff filed a Memorandum of Law in Support of Quiet Title to Plaintiff [Doc. # 40].  Although this Memorandum is not a timely summary judgment submission and Plaintiff did not seek leave to file the document, the Court has considered Plaintiff's arguments therein when analyzing the parties' summary judgment motions.

Declaration") attached to Defendant's Motion for Summary Judgment [Doc. # 27]).[3]

The Note was secured by a Deed of Trust that identified Mortgage Electronic

Registration Systems ("MERS") as "the beneficiary under this Security Instrument"

and stated that MERS was acting as "a nominee for Lender [Countrywide] and

Lender's successors and assigns."  Deed of Trust (Exhibit B to Ford Declaration), at

2.

　　　In 2006 and 2007, Plaintiff refused in protest to pay his property taxes.[4]  As a

result, Countrywide paid the taxes and established an escrow account to cover the

amount.  Ford Declaration, at 2, ¶ 6.  Effective August 12, 2010, MERS assigned the

Note and Deed of Trust to BAC Home Loans Servicing, LP ("BAC").[5]   Because of

Plaintiff's failure to make required payments on the loan, BAC sent Plaintiff notices

of default and of his right to cure the default.  Ford Declaration, at 2, ¶ 7; *id.* Exhibit

---

[3]　　Plaintiff alleges that the Ford Declaration is "completely hearsay" and should be stricken from the record, or that he should be permitted to depose Ford.  Response [Doc. # 32], at 25.  Ford identifies himself as Assistant Vice President and Operations Team Manager for Bank of America.  Ford Declaration, at 1, ¶ 1.  His declaration satisfies the business records exception to the hearsay rule.  *See id.* at 1-2, ¶ 2; FED. R. EVID. 803(6).  Plaintiff's objection is overruled.

[4]　　*See* Notice of Support of Quiet Title [Doc. # 28], at 8, ¶ 61 (Plaintiff states that he "paid the 2005 property tax under protest and refused to pay further extortion until [a] variance [he sought] had been reinstated as was provided to the previous owner for three prior years of closing").

[5]　　Assignment of Note and Deed of Trust (Exhibit C to Ford Declaration).  The Deed of Trust authorized MERS to make such an assignment.  *See* Deed of Trust (Exhibit B to Ford Declaration), at 3 (granting MERS authority to "exercise any or all . . . interests [of Lender and Lender's successors and assigns]").

D (notices of default).  Defendants have presented evidence that Plaintiff did not cure the default, *see id*. Exhibit E (loan payment history), and Plaintiff does not contend otherwise.

On October 1, 2010, Plaintiff filed suit in Montgomery County, Texas, against BAC, and challenged a foreclosure on the Property BAC had scheduled for October 5, 2010.  BAC removed the case to federal court in this District.  On March 29, 2011, the Honorable Kenneth M. Hoyt dismissed all of Plaintiff's claims.  The Fifth Circuit affirmed the dismissal on December 5, 2011.  *See Townsend v. BAC Homes Loans Servicing, LP*, 783 F. Supp. 2d 968 (S.D. Tex. 2011), *aff'd*, 461 F. App'x 367 (5th Cir. 2011) (*Townsend I*).[6]

On March 8, 2012, Defendant Bank of America, as successor by merger to BAC, notified Plaintiff that foreclosure proceedings had been initiated and that a foreclosure sale was scheduled for April 3, 2012.  Notice of Foreclosure (Exhibit F to Ford Declaration); Notice of Substitute Trustee's Sale (Tab AG to Plaintiff's Notice

---

[6]     In *Townsend I*, Plaintiff asserted claims for negligent hiring, breach of fiduciary duty, theft of property, and violations of the Texas Deceptive Trade Practices Act.  The district court dismissed all claims, but granted leave to amend the complaint.  Plaintiff then brought claims for common law fraud, fraud in a real estate transaction, conspiracy to commit fraud, breach of contract, negligent misrepresentation, violation of the Truth in Lending Act, and violation of the Federal Debt Collection Practices Act.  *Townsend I*, 783 F. Supp. 2d at 969.  Judge Hoyt held that Plaintiff's fraud claims were barred by limitations, and dismissed the remaining claims for failure to state a claim.  *Id*. at 971.

of Support of Quiet Title to Plaintiff [Doc. # 28]).[7]  On April 3, 2012, the Property was sold to Fannie Mae at a foreclosure sale.  Plaintiff's Original Quiet Title Action (Exhibit A-2 to Notice of Removal [Doc. # 1]) ("Complaint"), at 7, ¶ 49; Ford Declaration, at 2, ¶ 11.[8]

On October 29, 2012, Plaintiff filed the current lawsuit in the 284th Judicial District Court of Montgomery County, Texas.  Defendants timely removed the case to this Court.  Notice of Removal [Doc. # 1].  Plaintiff filed a Motion to Remand [Doc. # 8], which the Court denied on January 4, 2013 [Doc. # 11].  Plaintiff's sole claim in this suit is a claim to quiet title to the Property.

---

[7]     On March 30, 2012, Plaintiff filed a related suit in state court against Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), the law firm representing Bank of America in the foreclosure proceedings.  Plaintiff alleged various causes of action in connection to the foreclosure.  *See* Plaintiff's Original Petition and Application for Temporary Restraining Order, No. 12-03-03493-CV, 9th Jud. Dist. Ct. of Montgomery County, Tex. (Exhibit G to Ford Declaration); Plaintiff's First Supplemental Petition (Exhibit H to Ford Declaration).  On October 1, 2012, after the foreclosure about which Plaintiff complains in the suit at bar, the state court entered a final judgment dismissing all of Plaintiffs' claims with prejudice on Defendant's summary judgment motion.  That court stated specifically that Plaintiff's quiet title claim against Barrett Daffin was dismissed with prejudice. Final Judgment (Exhibit I to Ford Declaration).  At the time Defendants filed their summary judgment motion, that state court action was on appeal.   *See* Defendants' Motion for Summary Judgment [Doc. # 27], at 5 n.25.

[8]     In addition, Fannie Mae apparently brought a forcible detainer action against Plaintiff regarding an attempted eviction on May 12, 2012.  A Montgomery County court granted Townsend's motion to dismiss on July 20, 2012.  *See* Order for Dismissal (Exhibit W to Plaintiff's Motion for Reconsideration [Doc. # 26]) (granting dismissal because "there is a genuine issue of title").

II.   **ANALYSIS**

Four motions currently are pending before the Court:  Plaintiff's Motion for Reconsideration; Plaintiff's Plea to the Jurisdiction; and the parties' cross-motions for summary judgment on Plaintiff's claim to quiet title.

### A.   Plaintiff's Motion for Reconsideration [Doc. # 26]

Plaintiff has filed a Motion for Reconsideration [Doc. # 26] of the Court's rulings at a conference on February 21, 2013 [Docs. # 24, # 25].  At the hearing, the Court heard arguments on discovery matters and then ruled as follows:  Defendants' Motions to Quash Subpoenas regarding Shelley Douglass and Sharon Vaughan were denied as moot; Plaintiff's Motion for Judge as Sequestrator was denied as unnecessary; Defendants' Motion to Quash the Subpoena to Kelly Jimenez was granted; and Plaintiff's Motion to Compel was denied.

Plaintiff now requests that the Court revise those rulings in two ways.  First, regarding Jimenez, Plaintiff requests that the Court require that "verification as to the true identity of Kelly Jimenez be confirmed by providing Plaintiff . . . the visual inspection of a pictured governmental issued identification" for Jimenez within thirty days.  Motion for Reconsideration, at 22.  Second, Plaintiff requests that the Court grant his Motion to Compel on the grounds that Defendants had not provided the complete discovery requested by Plaintiff and ordered by the Court on January 4, 2013.  *Id.*

For the reasons stated on the record in open court on February 21, 2013, the Court denies Plaintiff's request to reconsider its discovery rulings. Furthermore, Plaintiff fails to demonstrate in his motion or arguments the legal or factual relevance of the matters he seeks given the single claim he asserts in this case, a claim to quiet title on the Property.

Plaintiff, in his Motion for Reconsideration, also makes arguments regarding his quiet title claim, the relevance of his prior lawsuit adjudicated by Judge Hoyt, and the applicability of *res judicata*. *Id*. at 1-10. Although these issues were discussed at the February 21st hearing, the Court ruled only on discovery matters. Therefore, to the extent Plaintiff requests reconsideration of any rulings on issues other than discovery, the request is denied as moot. Nevertheless, the arguments proferred by Plaintiff in his Motion for Reconsideration will be considered by the Court when analyzing the parties' summary judgment motions on Plaintiff's quiet title claim.

### B.    Plaintiff's Plea to the Jurisdiction

Plaintiff has filed a Plea to the Jurisdiction [Doc. # 31] ("Plea") arguing that this Court lacks subject matter jurisdiction to adjudicate his claim for quiet title. In Texas courts, a plea to the jurisdiction is a pleading that contests a trial court's subject matter jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); 4A TEX. JUR. PLEADING & PRAC. FORMS § 80:5 (2d ed.). The nearest equivalent in federal court is a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack

of subject matter jurisdiction.  *See Catlett v. Duncanville Indep. Sch. Dist.*, No. 3:09-cv-1245-K, 2010 WL 2217889, at *2 (N.D. Tex. May 27, 2010) (Kinkeade, J.); *Levy v. City of Rio Grande City*, No. 3:04-CV-0381-B, 2006 WL 3831299, at *3 (N.D. Tex. Dec. 28, 2006) (Boyle, J.).  A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction.  *See Davis v. U.S.*, 597 F.3d 646, 649 (5th Cir. 2009).[9]

To the extent Plaintiff seeks in his Plea to reassert his challenges to the diversity jurisdiction of this Court, his request is denied for the reasons previously relied on by the Court in denying Plaintiff's Motion to Remand.  *See* Hearing Minutes and Order [Doc. # 11], dated January 4, 2013.

Plaintiff's Plea appears to raise the Quiet Title Act, 28 U.S.C. § 2409a, as a bar to jurisdiction.  Plaintiff argues that this Court "may not have subject matter jurisdiction to grant Plaintiff relief to quiet the title concerning Texas land when the United States was not a party, as conditioned by the Quiet Title Act, 28 U.S.C. § 2409a." Plea, at 1, ¶ 6.  Plaintiff's argument is misplaced.  Section 2409a is only relevant to actions in which the United States is a party, because it serves as a limited

---

[9]  Typically, a challenge to the Court's subject matter jurisdiction is filed by the defendant rather than the plaintiff.  In considering a challenge to subject matter jurisdiction, the district court may consider evidence in the record and may resolve factual disputes in order to determine whether it has the power to hear the case.  *Id.* at 649-50; *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

waiver of the United States' sovereign immunity.  Specifically, Section 2409a applies

"in a civil action . . . to adjudicate a disputed title to real property in which the United

States claims an interest."  28 U.S.C. § 2409a(a); *see Match-E-Be-Nash-She-Wish*

*Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2205 (2012).  Because the

United States is not a party to the suit at bar, Section 2409a has no bearing on this case

or on this Court's subject matter jurisdiction to adjudicate Plaintiff's quiet title claim.

Plaintiff further argues that "this court's pend[e]nt jurisdiction concerning state

matters . . . is discretionary and this court is not mandated to quiet the title concerning

Texas land even if the matter is before this court."  Plea, at 2, ¶ 7.  However, in this

case, Plaintiff's state law claim has reached this Court through removal from state

court based on the complete diversity of citizenship between the parties and an

adequate amount in controversy.  *See* 28 U.S.C. § 1332(a).  A defendant that is not a

citizen of Texas and that has been sued by a Texas citizen on a claim where the matter

in controversy exceeds $75,000 has the right to avail itself of the Court's diversity

jurisdiction.  *Id*.  The Court need not and does not exercise "pendent jurisdiction," also

known as supplemental jurisdiction, over Plaintiff's claim.[10]

Plaintiff has raised no valid challenge to the Court's subject matter jurisdiction.

---

[10]     Federal courts can exercise supplemental jurisdiction over claims which normally
would not fall under the original jurisdiction of the court but which "are so related to
claims in the action within such original jurisdiction that they form part of the same
case or controversy under Article III of the United States Constitution."  28 U.S.C.
§ 1367(a).

Accordingly, the Court proceeds to the merits of Plaintiff's quiet title claim.

## C.   **Cross-Motions for Summary Judgment**

Each party seeks summary judgment on Plaintiff's sole claim, an action to quiet title to the Property.

### 1.   **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving

party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).

Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

### 2.    Analysis of Quiet Title Claim

Plaintiff's single claim in this case is a cause of action to quiet title to the Property.[11] "'A suit to clear title or quiet title—also known as a suit to remove cloud

---

[11]    Plaintiff repeatedly states that quiet title is his only claim in this suit. *See* Complaint, at 1, ¶ 1; Plaintiff's Response [Doc. # 32], at 15; Plaintiff's Motion for Summary
                                                                        (continued...)

from title—relies on the invalidity of the defendant's claim to the property.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (unpublished) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). To recover on a claim to quiet title, the plaintiff must prove that his title to the property is superior to the defendant's title. *Id.* (citations omitted); *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). A plaintiff may not simply rely on the weakness of his adversary's title. *See, e.g.*, *Browning v. PHH Mortg. Corp.*, No. H-12-0886, 2013 WL 3244094, at *6 (S.D. Tex. June 26, 2013) (unpublished) (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001)). Therefore, "the plaintiff has the burden of supplying the proof necessary to establish his *superior equity and right to relief*." *Morlock,* 2013 WL 2422778, at *1 (quoting

---

11  (...continued)
Judgment [Doc. # 36], at 3, ¶ 14; Plaintiff's Reply [Doc. # 38], at 6, ¶ 19.

Despite this clear representation from Plaintiff, his multiple pleadings at times appear to assert violations of other provisions of law. *See, e.g.*, Notice of Support of Quiet Title to Plaintiff [Doc. # 28], at 5-7 ("split the note" theory); *id.*, at 13 (foreclosure not perfected); *id.* (violations of Texas Local Government Code); *id.* at 16 (insufficient basis for foreclosure); *id.* at 21-22 (no payment was due on the Note because another entity made payment); Response [Doc. # 32], at 5 (invalid appointment of substitute trustee); *id.* at 20 (split the note theory); Plaintiff's Motion for Summary Judgment [Doc. # 36], at 12-13 (Countrywide performed a sleight of hand and never actually provided Plaintiff a loan); *id.* at 14 (another entity paid the debt to Countrywide and thus Plaintiff's default is irrelevant). To the extent Plaintiff's pleadings could be construed as raising additional claims, these claims are waived by Plaintiff's repeated assertions that he is limiting his claims in this suit to one to quiet title.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (emphasis added by *Morlock*)).

Plaintiff's action to quiet title fails because his briefing and evidence establish that he no longer holds title to the Property. Plaintiff admits in his Complaint, and the summary judgment evidence reflects unequivocally, that the Property was sold at foreclosure on April 3, 2012. *See* Complaint, at 7, ¶ 49 ("[O]n April 3rd, 2012 at the sale concerning Plaintiff's property, the substitute trustee fraudulently claimed in public that Defendant Fannie Mae was the Lender and awarded the sale of Plaintiff's property to Defendant Fannie Mae"); Substitute Trustee's Deed (Exhibit V to Complaint). The Substitute Trustee's Deed reflects that on April 3, 2012, at 1:51 p.m., the Property was sold to Fannie Mae for $122,999.02.

Plaintiff has not argued—and no evidence in the record suggests—that Plaintiff did not get notice of default under the Note and Deed of Trust, or notice of the foreclosure sale. Nor does Plaintiff argue that Defendants failed to comply with applicable Texas statutes and the Deed of Trust. Finally, Plaintiff does not claim that he actually cured the default. Instead, to support his claim of "superior title" to the Property, Plaintiff cites to the Warranty Deed dated June 29, 2004. Response [Doc. # 32], at 10 (citing Warranty Deed (Exhibit F to Complaint)). This 2004 document is evidence of Plaintiff obtaining title to the Property in 2004, at or about the time of his purchase of it. However, given the foreclosure sale in 2012 that resulted in a

change in the Property's ownership, the evidence regarding Plaintiff's interest in 2004 is not material to the quiet title claim before the Court.  Plaintiff has submitted no evidence that, at the time this suit was filed, he had any right to the Property, or had any rights after April 3, 2012, when the foreclosure occurred and Fannie Mae purchased the Property.  Plaintiff therefore has failed to demonstrate a genuine issue of material fact that his title to the Property is superior to that of Defendants.  *See Morlock*, 2013 WL 2422778, at *2.[12]

Plaintiff has filed multiple documents advancing the argument that Defendants cannot demonstrate an unbroken chain of title from 2004 through the present.[13] However, even assuming that Plaintiff could prove his allegations regarding a broken

---

[12]    *See Gibson v. Fed. Home Loan Mortgage Corp.*, No. H-12-0662, 2012 WL 1898886, at *3 (S.D. Tex. May 23, 2012) (dismissing quiet title claim because, although the plaintiff asserted title to the property, she acknowledged that the defendants already had foreclosed on it).

[13]    *See, e.g.,* Notice of Support of Quiet Title to Plaintiff [Doc. # 28], at 12, ¶ 96 (arguing that the assignment of the Note and Deed of Trust and the appointment of a substitute trustee were both invalid and broke Defendants' chain of title to the Property); *id.* at 13, ¶ ¶ 106-08 (appointment of substitute trustee violated Texas Local Government Code and therefore broke chain of title); *id.* at 21, ¶ ¶ 194-95 (arguing that Williamson County real property records demonstrate that Barrett Daffin is a "foreclosure mill" that "create[s] clouds on titles of properties throughout Texas"); Plaintiffs' Response [Doc. # 32], at 14-15 (arguing in support of quiet title claim that Defendants have failed to present evidence of their chain of title);  Plaintiff's Motion for Summary Judgment [Doc. # 36], at 5-6 (arguing that Defendants have failed to show unbroken chain of title to the Property); *id.* at 23 (arguing that the "invalid substitute trustee's deed" created a cloud on the title to the Property); Memorandum of Law in Support of Quiet Title to Plaintiff [Doc. # 40] (arguing that Defendants' chain of title was broken due to their failure to comply with multiple provisions of the Uniform Commercial Code, other statutory provisions, and case law).

chain of title, such a showing would be insufficient to defeat Defendants' summary judgment motion.  As held above, an action to quiet title requires proof of Plaintiff's "superior title" to the property in issue.  *See Morlock*, 2013 WL 2422778, at *2 (because plaintiff's challenge to the validity of the assignment of the deed of trust "merely questions [which entity] has authority" to enforce the deed of trust, and does not assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"); *Khan v. Wells Fargo Bank, N.A.*, No. 4:12-CV-1116, 2013 WL 5323098, at * 7 (S.D. Tex. Sept. 20, 2013) (plaintiff's argument that the assignment of the deed of trust was invalid is insufficient to establish a claim for quiet title without evidence of superiority of the plaintiff's own title); *Browning*, 2013 WL 3244094, at *6 (a plaintiff seeking to quiet title may not simply rely on the weakness of his adversary's title).

Because Plaintiff has failed to demonstrate a genuine issue of material fact as to his "superior title" to the Property, summary judgment is granted for Defendants. Plaintiff's request for summary judgment is denied.

### 3.    Res Judicata

Defendants argue that Plaintiff's quiet title claim is barred by res judicata, citing to the previous litigation in *Townsend I* and Plaintiff's state court litigation against Barrett Daffin.[14]  Based on the ruling above, the Court need not address Defendants'

---

[14]    Defendants' Motion for Summary Judgment [Doc. # 27], at 8-13.  Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims (continued...)

arguments.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 26] is **DENIED**. It is further

**ORDERED** that Plaintiff's Plea to the Jurisdiction [Doc. # 31] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 36] is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 27] is **GRANTED**. Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this 23<u>rd</u> day of **October, 2013**.

Nancy F. Atlas
United States District Judge

---

[14]    (...continued)
by parties or their privies based on the same cause of action." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The bar prevents relitigation of all 'issues that were or could have been raised in [the previous] action.'" *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). For claim preclusion to apply, "the following four-part test must be satisfied: (1) the parties must be either identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions." *Id.* (internal quotations, citations, and alterations omitted).

18