IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBIE KENNETH TOWNSEND, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-3568 |
| § | |
| BANK OF AMERICA, N.A., § | |
| Successor By Merger to BAC Home § | |
| Loans Servicing, LP, f/k/a § | |
| Countrywide Home Loans Servicing, § | |
| LP; FEDERAL NATIONAL § | |
| MORTGAGE ASSOCIATION; and § | |
| ANY AND ALL KNOWN OR § | |
| UNKNOWN DOE ENTITIES 1-10, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

In this suit brought to quiet title, this Court entered a Memorandum and Order [Doc. # 41] and a Final Judgment [Doc. # 42] on October 23, 2013, granting summary judgment for Defendants and dismissing Plaintiff's quiet title claim with prejudice. Plaintiff now has filed three post-judgment motions:  Plaintiff's Objection to Memorandum & Order and Motion to Amend Findings [Docs. # 43, # 44]; Plaintiff's Motion for a New Trial [Doc. # 45]; and Plaintiff's Motion to Alter or Amend Final Judgment [Doc. # 47].

Although Plaintiff does not cite Federal Rule of Procedure 59(e), the Court will

analyze his motions under Rule 59 standards.[1] Rule 59(e) permits a litigant to file a motion to "alter or amend a judgment." FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy" that should be used "sparingly," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). *See Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Balakrishnan*, 452 F. App'x at 499 (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid

---

[1] The timing of Plaintiff's motions challenging the Court's ruling determines how the Court should evaluate the motions:

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. Here, the relevant motion was filed within the applicable twenty-eight day time frame, and we thus consider it as a motion to amend the judgment under Rule 59(e).

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003)).

basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).  A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479.  *See Knight v. Kellogg Brown & Root Inc*., 333 F. App'x 1, 8 (5th Cir. 2009).

Plaintiff's motions raise multiple arguments that were raised, or could have been raised, before this Court entered its Memorandum and Order.  These include arguments that Plaintiff's warranty deed to the subject property is the source of his superior title; that the foreclosure sale at which Fannie Mae purchased the property was an invalid sale amounting to theft; that Defendants violated the Texas Local Government Code; that the appointment of the substitute trustee for the subject property was invalid; that Plaintiff continues to occupy and maintain the subject property and to pay property insurance and homeowners association dues on the property; that Defendants violated the Uniform Commercial Code; and that Defendants have failed to adequately document their chain of title.

As held previously, Plaintiff's claim to quiet title fails despite his warranty deed to the property dated June 29, 2004.  Plaintiff's loan on the property was in default because he had not paid his property taxes, and Plaintiff failed to cure the default.  Because of the default, Defendants accelerated the debt and initiated foreclosure proceedings and, on April 3, 2012, the property was sold to Fannie Mae at a

foreclosure sale. Because Plaintiff presented no evidence of his "superior title" to the property after the April 3, 2012, foreclosure sale, the Court granted summary judgment on his claim to quiet title. *See* Memorandum and Order [Doc. # 41], at 13-17 (citing, *inter alia*, *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (unpublished)).

None of the arguments in Plaintiff's current motions "clearly establish . . . a manifest error of law or fact" in the Court's ruling. *See Templet*, 367 F.3d at 479.[2] All of the arguments currently raised were either considered by the Court in its ruling or could have been raised before entry of judgment. Therefore, Plaintiff is not entitled to relief under Rule 59(e).

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Objection to Memorandum & Order and Motion to Amend Findings [Docs. # 43, # 44] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for a New Trial [Doc. # 45] is **DENIED**. It is finally

**ORDERED** that Plaintiff's Motion to Alter or Amend Final Judgment [Doc. # 47] is **DENIED**.

SIGNED at Houston, Texas, this 26th day of **November, 2013**.

Nancy F. Atlas
United States District Judge

---

[2] Moreover, Plaintiff's motions do not present "newly discovered evidence." *See id.*